[No. 11033.    Department One. — September 21, 1887.]

In the Matter of the Estate of JOHN CONNOLLY, Deceased.

Estate of Decedent — Successive Administrations — Liability of Sureties — Negligence. — The negligence of the administrator of the estate of a decedent, who has succeeded a former administrator, to collect from the latter a balance found to be due from him to the estate upon the settlement of his accounts, does not release the sureties on the bond of the former administrator from liability for such balance.

Appeal from an order of the Superior Court of the city and county of San Francisco settling the accounts of an administrator.

The facts are stated in the opinion of the court.

*P. G. Murphy,* and *J. F. Burris,* for Appellants.

*M. L. G. O'Brien,* and *W. C. Burnett,* for Respondents.

Searls, C. J.— This is an appeal from an order and judgment of the Superior Court in probate in favor of Patrick Callahan, administrator of the estate of John Connolly, deceased, and against Daniel Connolly, former administrator of the same estate, settling the account of such former administrator at $671.50, and ordering the same paid over to his successor.

It appears from the report of the referee appointed to take and state the account of the former administrator that the latter received money and property of the estate

of the value of $1,133; that he paid out certain moneys on account of the estate, leaving a balance of $671.50 in his hands due the estate, and that his services were of no value to the estate.

The report was approved by the court, and the order entered thereupon, from which this appeal is taken.

Turning to the testimony, and it appears that Daniel Connolly, the former administrator, treated the assets of the estate as though his own property, probably proceeding upon the theory that he was the sole heir at law of the deceased.

Of the moneys belonging to the estate, he confided $450 to one Reynolds with a view of its being used in business for their joint account; of this sum, two hundred dollars was lost to the estate, the residue having been collected by the successor of Connolly.

The exceptions to the report of the referee are taken, not by Connolly, the administrator, but by Michael H. Gaffney and S. A. Hussey, his bondsmen.

Conceding that they can be heard in this connection, and the most that they claim in favor of their position is, that their principal squandered the estate most palpably, and that the security afterward obtained from Reynolds, by which a portion of it might have been recovered, was lost by the negligence of the attorney of the estate.

This is to put the case much stronger than the facts will warrant; but assuming such to be the fact, and we still think the action of the court below correct.

The successor of Connolly was under no obligation to look beyond him and his bondsmen for the assets of the estate. His doing so was a voluntary act, without any privity with or authority from Connolly, and if, in seeking to recover from Reynolds a mere debt which the latter owed to Connolly, he was guilty of negligence, it does not lie with Connolly or his bondsmen to find fault.

Again, the evidence tends to show that the negligence

and wrong, if any, by which the failure to collect the money due from Reynolds occurred, was occasioned by the conduct of Swartz, who was the agent of the bonds-men, and that of Koen, who acted under him.

The judgment appealed from is affirmed.

McKINSTRY, J., and TEMPLE, J., concurred.